

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4616 | **DATE** | 7/16/2004 |
| **CASE TITLE** | Chapman and Cutler vs. Allco Finance Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Chapman's counsel are granted leave to file an appropriate amendment to Complaint ¶1 in this Court's chambers on or before July 23, 2004. In the absence of such an appropriate filing, or if the filing were to disclose a lack of total diversity, this Court would be constrained to dismiss both the Complaint and this action for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 19 2004 | |
| | Notified counsel by telephone. | date docketed | 2 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/16/2004 | |
| SN | courtroom deputy's initials | 2004 JUL 16 PM 12: 32 date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHAPMAN AND CUTLER LLP,        )
                               )
            Plaintiff,         )
                               )
    v.                         )    No. 04 C 4616
                               )
ALLCO FINANCE CORPORATION,     )
                               )
            Defendant.         )

**DOCKETED**
**JUL 1 9 2004**

MEMORANDUM ORDER

Chapman and Cutler LLP ("Chapman") has sued Allco Finance Corporation ("Allco") for unpaid legal fees and expenses, seeking to invoke federal diversity of citizenship jurisdiction. Because Chapman's Complaint is (quite astonishingly) deficient in that respect, this memorandum order is issued sua sponte to require that subject matter jurisdiction be established properly.

Complaint ¶2 conforms appropriately enough to the dual corporate citizenship provision of 28 U.S.C. §1332(c)(1), for it identifies both Nevada and New York citizenship on Allco's part. But all that Complaint ¶1 says about Chapman itself is this:

> Chapman is an Illinois limited liability partnership, having its principal place of business in Chicago, Illinois.

It is a source of bemusement whenever counsel who are (or ought to be) familiar with federal practice demonstrate an unawareness of the principle that was established by the ultimate judicial authority nearly a decade and a half ago: that whenever

any partnership (including a limited partnership) is named as a "party" to a lawsuit, the relevant citizenship for federal diversity purposes is that of <u>all partners</u> and not that of the partnership itself (<u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-96 (1990) and cases cited there). But for that principle to be unknown to the litigators in a major law firm, seeking to sue on its own behalf, really boggles the mind.

In any event, the question that Chapman must address for diversity purposes is whether even one of its 200 or so lawyers is a citizen of Nevada or New York, which would of course destroy the total diversity that has been required for nearly two centuries by the line of cases beginning with <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806). Accordingly Chapman's counsel are granted leave to file an appropriate amendment to Complaint ¶1 (not a full-blown and self-contained Amended Complaint) in this Court's chambers on or before July 23, 2004. In the absence of such an appropriate filing, or if the filing were to disclose a lack of total diversity, this Court would be constrained to dismiss both the Complaint and this action for lack of subject matter jurisdiction.

                                                      */s/ Milton I. Shadur*
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: July 16, 2004